# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| CARLOS HUMBERTO AQUINO GARCIA<br>8118 Phirne Road E<br>Glen Burnie, Maryland 21061<br><br>VICENTE AQUINO GARCIA<br>8118 Phirne Road E<br>Glen Burnie, Maryland 21061<br><br>  *Plaintiff*,<br><br>   v.<br><br>HIP HOP FISH & CHICKEN – GLEN BURNIE INC.<br>6604 Ritchie Highway<br>Glen Burnie, Maryland 21216<br><br>SERVE: Ramadan Zablah<br>    1107 Handy Avenue<br>    Baltimore, Maryland 21218<br><br>RAMADAN ZABLAH<br>4880 Manor Lane<br>Ellicott City, Maryland 21043<br><br>  *Defendants*. | Civil Action No.: 20-3634 |

## COMPLAINT

  Plaintiffs, Carlos Humberto Aquino Garcia ("Carlos Garcia") and Vicente Aquino Garcia ("Vicente Garcia") bring this action against Defendants, Hip Hop Fish & Chicken – Glen Burnie, Inc., ("HHFC"), and its owner Ramadan Zablah ("Zablah"), (collectively the "Defendants"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415, by failing to pay Plaintiffs overtime and minimum wages. In support, Plaintiffs allege as follows:

## THE PARTIES

1. Carlos Garcia is an adult resident of Baltimore County, Maryland and was employed by Defendants as a line cook from early 2017 to on or about October 23, 2020, when he was terminated.

2. Vicente Garcia is an adult resident of Baltimore County, Maryland and was employed by Defendants as a line cook from on or about May 20, 2019 to on or about October 23, 2020, when he was terminated.

3. HHFC is a corporation organized under the laws of the State of Maryland. At all times relevant to the Complaint, HHFC operated a fast-food restaurant where Plaintiffs worked located at 6604 Ritchie Highway, Glen Burnie, Maryland. HHFC operated under the name "Hip Hop Fish & Chicken." HHFC was Plaintiffs' "employer" as that term is defined within the FLSA, and MWHL, because, through its agents, owners, officers and/or members, it employed the Plaintiffs directly, hired them and fired them, set their rate of pay, set the terms and conditions of their employment, set their schedules, directed them in the performance of their work, maintained employment records for Plaintiffs, disciplined them, had the power to hire and fire them, did in fact terminate them and paid them their wages.

4. Zablah is the majority shareholder, President, Vice President, Secretary, and Treasurer of HHFC. Zablah was Plaintiffs' employer within the meaning of the FLSA, and the MWHL because he: (1) is the majority shareholder (who owns 95% of the stock), President, Vice President, Secretary, and Treasurer of HHFC and has functional and operational control over its day-to-day affairs and is significantly involved in its operations as he was present at the restaurant where Plaintiffs worked several times each week; (2) controlled the corporate funds which were used to pay Plaintiffs and other employees and could allocate funds as profits. Specifically, Zablah

regularly stopped by the restaurant to take cash from the register; (3) he controlled the terms and conditions of Plaintiffs' employment, including setting Plaintiffs' rate of pay and on several occasions actually made cash payments directly to Plaintiffs; (4) he directed Plaintiffs in the performance of their work and set their schedules and he told them, for example, that they should always arrive early to work and never take a lunch break that exceeds 30 minutes; (5) he maintained Plaintiffs' employment records; (6) he had the power and authority to discipline the Plaintiffs and other HHFC employees; (7) he had authority to hire and fire Plaintiffs and was involved in the decision to hire both Plaintiffs and fire both Plaintiffs; and (8) he was responsible for the wage violations at issue, including the record-keeping provisions of the FLSA (29 U.S.C. § 211 (c), § 29 C.F.R. § 516) and the MWHL (Md. Code Ann. Labor & Empl. § 3-424), because he decided what rates to pay Plaintiffs (including paying them below minimum wage), he decided not to pay them an overtime premium for any of their overtime hours, he decided not to keep track of Plaintiffs' hours of work or maintain records of those work hours and he decided to conceal the violations by paying Plaintiffs only in cash and failed to provide them with accurate payroll records.

5. Zablah is also an owner and/or officer of several other Hip-Hop Fish & Chicken restaurants in and around Baltimore including but not limited to Hip Hop Fish & Chicken Briggs Chaney, Inc., Hip Hop Fish & Chicken BNP, Inc., Hip Hop Fish & Chicken Annapolis Road, Inc., Hip Hop Fish & Chicken Perry Parkway, Inc.

6. HHFC and the other Hip Hop Fish & Chicken restaurants owned and operated by Zablah are a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), as they: (1) performed related activities; (2) through unified operations and common control of Defendant Zablah; and (3) for a common business purpose. Additionally, at all times relevant to this Complaint, HHFC and the broader chicken restaurant enterprise that Zablah owned and controlled, were together and

singularly "Enterprise[s] Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as they had, together and singularly: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## JURISDICTION

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claim under 28 U.S.C. § 1367 as they share a common nucleus of facts and law with the Plaintiffs' federal law claims.

8. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

9. At all times relevant to the Complaint, Plaintiffs were employed by Defendants as "cooks" at the Hip Hop Fish & Chicken restaurant located at 6604 Ritchie Highway, Glen Burnie, Maryland. Plaintiffs' duties included, but were not limited to, prepping and cooking food, cleaning the restaurant and taking out the garbage.

10. Defendants paid Plaintiffs on an hourly basis at a fixed hourly rate. For Vicente Garcia, who was employed by Defendants from on or about May 20, 2019 to on or about October 23, 2020, his hourly rate ranged from a starting rate (in 2019) of $6.00 per hour, to a final rate of $8.00 per hour. For Carlos Garcia, who was employed by Defendants from early 2017 to on or

about October 23, 2020, his hourly rate ranged from a starting rate of $7.00 per hour (in 2017) , to a final rate of $9.00 per hour.

11. Defendants required that Plaintiffs work 6 days per week from approximately 10:00 a.m. to approximately 10:00 p.m. or 11:00 p.m. Thus, Plaintiffs regularly worked for Defendants between 72 hours and 78 hours per week - or approximately 32 to 38 overtime hours per week.

12. The majority of the time, Plaintiffs did not take a lunch break but simply ate while they worked.

13. Despite awareness that Plaintiffs were regularly working overtime hours, Defendants paid Plaintiffs for all of their work hours, including straight-time and overtime hours, at each Plaintiff's respective, regular hourly rate and did not pay them an overtime premium (one-and-one-half their regular hourly rate) for any of the overtime hours that they worked.

14. Defendants tried to conceal their illicit pay scheme by paying Plaintiffs only in cash and by not keeping a record of the hours Plaintiffs worked.

### COUNT I
### VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201 – 216 (b)

15. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

16. At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

17. At all times relevant to this Complaint, each Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

18. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked in a work week and, in

some weeks, by failing to pay one or more Plaintiffs the applicable minimum wage, which was $7.25 per hour.

19. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore the statute of limitations is three years and Plaintiffs are entitled to liquidated damages.

20. Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime time and minimum wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

21. The relevant statutory period under the FLSA is as follows:

   a. Carlos Garcia – December 16, 2017 to October 23, 2020; and

   b. Vicente Garcia – May 20, 2019 to October 23, 2020.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. § 3-420**

22. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

23. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of the MWHL.

24. At all times relevant to this Complaint, each Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

25. Defendants violated the MWHL by failing to pay Plaintiffs at one and one-half times their regular hourly rate for each hour over 40 they worked in a work week and, in some weeks, by failing to pay one or more Plaintiffs the applicable Maryland minimum wage which, during the statutory period was as follows: (1) $11.00 per hour effective January 1, 2020; (2) $10.10 per hour effective July 1, 2018; and (3) $9.25 effective July 1, 2018.

26. Defendants did not act in good faith, entitling Plaintiffs to liquidated damages. The statute of limitations is three years, regardless of whether Defendants acted willfully.

27. As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld overtime and minimum wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court grant them the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of Plaintiffs' unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of Plaintiffs' unpaid and illegally withheld overtime and minimum wages and an equal amount as liquidated damages;

c) award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a); and

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy, MD Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
Email: smelehy@melehylaw.com


/s/Andrew Balashov
Andrew Balashov, MD Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
Email: abalashov@melehylaw.com

*Attorneys for Plaintiffs*